UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-23466-CV-WILLIAMS
MAGISTRATE JUDGE REID

MARIO DYRELL GODHIGH,

    Petitioner,

v.

SEC'Y, DEP'T OF CORR., *et al.,*

    Respondents.
_____/

### REPORT OF MAGISTRATE JUDGE RE DISMISSAL OF UNAUTHORIZED SUCCESSIVE FEDERAL HABEAS CORPUS PETITION - 28 U.S.C. § 2254

## I. Introduction

Petitioner, **Mario Godhigh,** a state convicted felon, currently confined at the Lake Correctional Institution in Clermont, Florida, filed this *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254 [ECF No. 1], with the United States District Court, for the Middle District of Florida, Ocala Division, transferred to this court on August 19, 2020. [ECF No. 3]. He attacks the constitutionality of his convictions and sentences for burglary and grand theft entered following a jury verdict in **Miami-Dade County, Circuit Court, Case No. F14-23894.** For the

1

reasons explained below, this petition should be dismissed as an unauthorized successive petition.

This case has been referred to the undersigned for consideration and report, pursuant to 28 U.S.C. § 636(b)(1)(B), (C); S.D. Fla. Admin. Order 2019-02; and, Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Court.

The undersigned has reviewed the instant federal habeas petition [ECF 1], and Petitioner's prior habeas petition filed with this court, ***Godhigh v. Jones, et al., No. 17-22236-CV-CMA (S.D. Fla. Aug. 28, 2018),*** and takes judicial notice of those court records and filings. *See* Fed. R. Evid. 201.

## II. Unauthorized Successive Petition

Careful review of this second petition reveals that Petitioner is again attempting to challenge his convictions on the basis that his trial counsel was ineffective. [ECF No. 1 at 5]. To the extent Petitioner attempts to challenge the conditions of his confinement, in light of the current COVID-19 pandemic, such a claim is not properly the subject of a § 2254 petition and should be raised as a civil rights action, in the district of confinement, after exhaustion of his administrative remedies, as noted correctly by the transferring court.

Regarding the claims sounding in § 2254, Petitioner has not alleged or demonstrated that the factual basis for this latest petition could not have been

discovered earlier. Because the petitioner filed a prior federal habeas petition challenging the same judgment of conviction, this is an unauthorized successive petition.

### A. Relevant Prior Federal Habeas Corpus History

As noted above, in 2017, Petitioner filed his first federal habeas corpus petition, pursuant to 28 U.S.C. § 2254 **Godhigh v. Jones, et al., No. 17-22236-CV-CMA (S.D. Fla. Aug. 28, 2018).** The petition was addressed and denied on the merits. *See* [17CV22236 ECF Nos. 26-28]. Petitioner did not appeal the court's entry of final judgment.

Undeterred, Petitioner has returned to this court filing this **successive** federal habeas corpus petition, pursuant to 28 U.S.C. § 2254, on **August 6, 2020,** the day it was handed to prison authorities for mailing in accordance with the mailbox rule.[1] [ECF No. 1 at 16].

### B. Applicable Law Re Successive Petitions

The Eleventh Circuit has made clear that "[w]hether a petition is second or successive depends on 'the judgment challenged.'" *Patterson v. Sec'y, Fla. Dep't of*

---

[1]Absent evidence to the contrary, in accordance with the prison mailbox rule, a pro se prisoner's filing is deemed filed on the date it is delivered to prison authorities for mailing. *Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001); Fed. R. App. 4(c)(1). As applied, the Petitioner signed his federal habeas petition under penalty of perjury, but it is not dated. [ECF No. 1 at 15]. The facility prison stamp, however, reveals it was handed to prison authorities for mailing on January 17, 2020. [ECF No. 1 at 16]. The court has utilized that date for purposes of computing the filing date.

*Corr.,* 849 F.3d 1321, 1325 (11th Cir. 2017) (en banc) (quoting *Insignares v. Sec'y, Fla. Dep't of Corr.,* 755 F.3d 1273, 1278 (11th Cir. 2014)). For purposes of 28 U.S.C. § 2244, the relevant judgment is "the judgment authorizing the prisoner's confinement." *Patterson,* 849 F.3d at 1325 (quoting *Magwood v. Patterson,* 561 U.S. 320, 332 (2010)). A petitioner is thus barred from challenging the same judgment more than once. *See id.* "To be entitled to another round of federal habeas corpus review, the prisoner must have obtained 'a new judgment intervening between [his] two habeas petitions.'" *Wells v. Sec'y, Dep't of Corr.,* 769 F. App'x 885, 887 (11th Cir. Apr. 26, 2019)(per curiam)(quoting *Magwood,* 561 U.S. at 339)). "[T]he judgment to which AEDPA refers is the underlying conviction and most recent sentence that authorizes the petitioner's current detention." *See Ferreira v. Sec'y, Dep't of Corr.,* 494 F.3d 1286, 1292 (11th Cir. 2007).

"[N]ot all changes to a sentence create a new judgement. . . " *See Patterson,* 849 F.3d at 1326 (citing *United States v. Portillo,* 363 F.3d 1161 (11th Cir. 2004)). A subsequent order that alters a sentence constitutes a new judgment only if it authorizes or changes the petitioner's confinement, because state courts often make "[m]any ameliorative changes in sentences. . . as a matter of course, such as the removal of a fine or a restitution obligation," and, if each time this was done, it resulted in a new "judgment" for purposes of federal habeas corpus review it would conflict with the "'central purpose'" of AEDPA "to ensure greater finality of state

4

and federal judgments in criminal cases." *See Patterson,* 849 at 1326-27 (quoting *Gonzalez v. Sec'y for Dep't of Corr.,* 366 F.3d 1253, 1269 (11th Cir. 2004)(*en banc*)). For example, a state court order, that was entered *nunc pro tunc,* awarding pretrial credit "was not a new judgment because it was not 'the judgment that authorize[d] [Wells'] custody.'" *See Wells,* 769 F. App'x at 887 (quoting *Patterson*, 849 F.3d at 1326).

In accordance with 28 U.S.C. § 2244(b)(3)(A), "before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* 28 U.S.C. § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651, 664 (1996); *In re Davis,* 565 F.3d 810, 816 (11th Cir. 2009). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a *prima facie* showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." *See* 28 U.S.C. § 2244(b)(3)(B) and (C). Without authorization from the Eleventh Circuit Court of Appeals, this Court lacks jurisdiction to consider a successive petition. *See* 28 U.S.C. § 2244(b)(2)-(3); *Burton v. Stewart*, 549 U.S. 147, 153 (2007); *El-Amin v. United States*, 172 F. App'x 942, 946 (11th Cir. 2006).

### C. Analysis

By Petitioner's own admission, he is challenging a judgment entered in 2015. A review of the state trial court on-line docket does not reveal that any intervening judgment or resentencing has been entered after the resolution of his first federal habeas corpus petition.

Without authorization from the Eleventh Circuit Court of Appeals, this court lacks jurisdiction to consider a successive habeas petition. *See* 28 U.S.C. § 2244(b)(2)-(3); *Burton v. Stewart,* 549 U.S. 147, 153 (2007); *El-Amin v. United States,* 172 F. App'x 942, 946 (11th Cir. 2006).

This federal petition challenges the legality of the 2015 state court judgment, which was the subject of Petitioner's prior § 2254 action. Thus, this later filing is successive and unauthorized. Petitioner needs to file an application directly with the Eleventh Circuit seeking permission to file a second habeas petition. The court should dismiss this petition for lack of jurisdiction. *See* 28 U.S.C. § 2244(b); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002). An application will be provided with this report so that Petitioner may seek authorization from the Eleventh Circuit, if he chooses to do so.

### III. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a

certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell,* 556 U.S. 180, 183 (2009) *(citing Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000); *Wilkinson v. Dotson,* 544 U.S. 74, 78-83 (2005)). This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack*, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

Upon consideration of the record as a whole, this Court should deny a certificate of appealability. Notwithstanding, if Petitioner does not agree, he may bring this argument to the attention of the district judge in objections.

### IV. Recommendation

It is therefore recommended that this petition for habeas corpus relief be:

1. Dismissed for lack of jurisdiction for failure of Petitioner to obtain from the Eleventh Circuit Court of Appeals the authorization required by 28 U.S.C. § 2244(b)(3);

2. That no certificate of appealability issue;

7

      3.      That judgment be entered in favor of the respondent; and,

      4.      This case closed.

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar petitioner from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge, except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Williams v. McNeil,* 557 F.3d 1287, 1291 (11th Cir. 2009)(finding district court has discretion to decline consideration of arguments not presented to the magistrate judge in the first instance).

DONE AND ORDERED at Miami, Florida, this 16th day of September, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:
    Mario Dyrell Godhigh, *Pro Se*
    DC#M28779
    Lake Correctional Institution
    Inmate Mail/Parcels
    19225 US Highway 27
    Clermont, FL 34715

    Noticing 2254 SAG Miami-Dade/Monroe
    Email: CrimAppMIA@MyFloridaLegal.com